UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24353-CV-KING
MAGISTRATE JUDGE REID

LENNCY JEUDY,

      Plaintiff,

v.

U.S. DEPARTMENT
OF LABOR, et al.,

      Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

Plaintiff, **Lenncy Jeudy**, a prisoner at Coleman Medium, Federal Correctional Institution, filed this self-styled *pro se* Amended Complaint against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. *See* [ECF No. 12].[1] Plaintiff seeks monetary damages for property allegedly seized and not returned to him following a search executed pursuant to a warrant in criminal Case No. 18-60160-CR-MIDDLEBROOKS. [*Id.*].

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B); *see also* S.D. Fla. Admin. Order 2019-02. [ECF No. 2]. Because Plaintiff is proceeding *in forma pauperis* [ECF No. 6], his Amended Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

---

[1] Citations to [ECF] refer to docket entries in this civil case, Case No. 19-24353-CV-KING. Citations to [CR-ECF] refer to docket entries in Plaintiff's criminal case, Case No. 18-60160-CR-MIDDLEBROOKS.

Accordingly, upon review of Plaintiff's Amended Complaint, as discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 12] be **DISMISSED WITH PREJUDICE** for lack of subject matter-jurisdiction.

## II. Background

Plaintiff brings this cause of action under the Federal Tort Claims Act, requesting monetary damages for the alleged deprivation of his property by the Government in federal criminal Case No. 18-60160-CR-MIDDLEBROOKS. *See* [ECF No. 12]. Plaintiff filed his initial Complaint in this case on October 15, 2019. [ECF No. 1 at 2]. Judgment was entered in Plaintiff's federal criminal case on September 19, 2018. [CR-ECF No. 28].

Prior to initiating this case, on January 8, 2019, Plaintiff filed a Motion for Return of Property in his federal criminal case. [CR-ECF No. 41]; [ECF No. 12 at 1]. Plaintiff requested that his legal papers, i.e, (immigration papers and criminal legal documents), passports, clothes, phone, computer, Moorish national papers, and other documents be returned because he claimed that these items were not related to any illegal activity. [*Id.*]. The Government responded, stating that the United States was prepared to return non-contraband material seized during the execution of the search warrant, [CR-ECF No. 44], and the Court granted Plaintiff's Motion. [CR-ECF No. 45]; [ECF No. 12 at 1].

Subsequently, on February 22, 2019, Plaintiff filed another Notice, claiming that he could not locate the agent or agency whom was responsible for returning his property. [CR-ECF No. 46]. Plaintiff also filed a Motion, claiming that the Government was still holding his non-contraband materials, such as his clothes, phone, and some of his legal documents. [CR-ECF No. 47]. The Government filed a Response stating that the United States had previously returned all non-contraband material seized during the execution of the search warrant, with the exception of a Tracfone, and noting that all of the remaining documents and electronics in the Government's possession contained PII in or on it, and therefore, could not be returned. [CR-ECF No. 48].

2

Accordingly, the Court granted Plaintiff's Motion in part, ordering that the Government make arrangements to have the Tracfone returned to Plaintiff or his representative, and noting that the Government had previously indicated that all other non-contraband materials had been returned. [CR-ECF No. 49]. On August 16, 2019, Plaintiff filed another letter to the Court, once again requesting that his phone, clothes, computer, legal documents, and other materials be returned. [CR-ECF No. 51].

As to the allegations in Plaintiff's Amended Complaint, he claims that on March 22, 2019, he filed a complaint to the Federal Bureau of Prisons in error, and that on July 18, 2019, his complaint "28 U.S.C. 2675(a) and Form 95" was forwarded to the regional office in the region where the claim occurred. [ECF No. 12 at 2]. On October 7, 2019, Plaintiff contacted the agency and an agent told Plaintiff that his property "had been returned and mailed to [Plaintiff's] mailing location." [*Id*.]. However, Plaintiff alleges that the Government refused to mail his property, including his legal documents, clothes, phone, and laptop. [Id].

Plaintiff claims that he is in the process of preparing legal documents to file a motion to reopen his immigration case, and that "the legal material lost by the agency is evidence and actual proof that will show merit to the Board [of] Immigration Appeals (BIA) to reopen [Plaintiff's] case." [*Id*. at 2]. Plaintiff further alleges that if he "is deported in the near future[,] he and his family will suffer extreme emotional distress and hardship due to the loss of his property." [*Id*]. As for relief sought, Plaintiff requests monetary damages in the amount of $7,850.00 "for injury to property loss caused by negligence." [*Id*].

### III. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. Additionally, under Fed. R. Civ. P. 12(h)(3), a district court can at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it, and if subject matter jurisdiction is lacking, must dismiss the case. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## IV. Discussion

"An action against the United States under the FTCA is the exclusive remedy for 'injury or loss of property' caused by 'the negligent or wrongful act[s] or omission[s]' of federal employees acting within the scope of their employment." *Lopez v. United States*, 656 F. App'x 957, 966 (11th Cir. 2016) (citing 28 U.S.C. §§ 2679, 1346(b)) (alteration in original). Although the FTCA "does provide general authority for suits against the government, . . . [28 U.S.C. § 2680], however, establishes several exceptions to this broad waiver of sovereign immunity." *Schlaebitz v. U.S. Dep't of Justice*, 924 F.2d 193, 194 (11th Cir. 1991)

Specifically, the FTCA "prohibits money damages for '[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any ... law enforcement officer.'" *United States v. Potes Ramirez*, 260 F.3d 1310, 1316 (11th Cir. 2001) (quoting 28 U.S.C. § 2680(c)); *see also Vega v. United States*, No. C07-1183-JCC, 2008 WL 4426893, at *4 (W.D. Wash. Sept. 25, 2008) (holding that § 2680(c) applies to the detention of property by special agents).

The Supreme Court has clarified that § 2680(c) applies to *any* claim arising out of the detention of goods, including "a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984); *see also Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012) (finding that because plaintiff's property was seized pursuant

4

to a lawful arrest, and not solely for purposes of forfeiture, there was no waiver of sovereign immunity under the FTCA, and thus plaintiff's claim could not proceed). Further, "[§] 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008); *see also Pearson v. United States*, 373 F. App'x 622, 623 (7th Cir. 2010) (finding that the  exception set forth in § 2680(c) forecloses FTCA claims arising from the unlawful detention of property by law enforcement officers, including DEA agents who seized plaintiff's property.)

In conjunction, relying on the policy rationale articulated in *Kosak,* 465 U.S. at 856, the Ninth Circuit concluded that the FTCA's waiver of sovereign immunity was not designed to impair "law enforcement officers' effectiveness in carrying out the important purposes underlying [a] seizure and redirect their attention from the possibility of danger in executing [a] search warrant to the possibility of civil damages." *Foster v. United States,* 522 F.3d 1071, 1078 (9th Cir. 2008).

Here, as indicated in the record, Plaintiff's property was seized and detained by agents pursuant to the execution of a search warrant in Plaintiff's criminal case. [CR-ECF No. 44]. Plaintiff also acknowledges that the property at issue was seized in relation to his criminal case. [ECF No. 12 at 1]. Finally, the Court entered an Order in the criminal case, which stated that all of Plaintiff's non-contraband materials had been returned by the Government. [CR-ECF No. 49].

Accordingly, Plaintiff's claim for monetary damages for loss of property seized by agents during the execution of a search warrant, falls under the exception to the United States' waiver of sovereign immunity as set forth in 28 U.S.C. 2680(c). *See Phillips v. United States*, No. 06-22916-CIV, 2009 WL 855973, at *3 (S.D. Fla. Mar. 30, 2009) (citing *Ali*, 552 U.S. at 214) (finding that in accordance with *Ali* it appeared that plaintiff no longer had an adequate post-deprivation remedy under the FTCA because plaintiff sought compensatory damages for deprivation of personal property by seizure of the DEA). Claims that are exempt under the Federal Tort Claims act, i.e., do not fall

within the purview the United States waiver of sovereign immunity, should be dismissed for lack of subject matter jurisdiction. *See Schlaebitz*, 924 F.2d at 195 (holding that the "Tort Claims Act specifically exempts any claim based on the detention of goods by law enforcement officers in the performance of their lawful duties[,]" and therefore, plaintiff's claim was properly dismissed for lack of subject matter jurisdiction). Therefore, Plaintiff's claim for monetary damages against the United States, which arises out of property seized in Plaintiff's criminal case, should be dismissed for lack of subject-matter jurisdiction.

## V. Recommendations

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 12] be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. *See Tie Qian v. Sec'y Dept. of Veterans Affairs*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 2nd day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:     **Lenncy Jeudy**
        06736-104
        Coleman Medium
        Inmate Mail/Parcels
        Post Office Box 1032
        Coleman, FL 33521
        PRO SE